FILED
FEBRUARY 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN ALTMAN, as Trustee of the Chicago Moving Picture Machine Operators' Union, Local No. 110 of the I.A.T.S.E. Severance Fund, and MOTION PICTURE PROJECTIONISTS, AUDIO VISUAL ENGINEERS & COMPUTER TECHNICIANS, LOCAL 110, I.A.T.S.E., | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| AUDIO VISUAL TECHNOLOGY, a foreign corporation, | ) ) ) ) | |
| Defendant. | ) | |

No.

**08 C 884**

**JUDGE BUCKLO
MAGISTRATE JUDGE COX**

## COMPLAINT

1.  This is an action pursuant to Section 301 of the Labor-Management Relations Act, 29 U.S.C. §185, and pursuant to 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1132(a)(3), to collect unpaid wages and delinquent employee benefit fund contributions.

### *JURISDICTION AND VENUE*

2.  Jurisdiction and venue in this court are based upon Section 502(a), (e) and (f) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §1132(a), (e) and (f), as well as Section 301 of the Labor-Management Relations Act ("Act"), 29 U.S.C. §185.

### *PARTIES*

3.  The Chicago Moving Picture Machine Operators' Union, Local No. 110 of the I.A.T.S.E. Severance Trust ("Pension Fund") is a multi-employer employee benefit plan within the meaning of ERISA Section 3, subsections (3) and (37), 29 U.S.C. §1002(3) and (37). The

Pension Fund maintains its principal place of operation in Chicago, Illinois.

3. Plaintiff Steven Altman is a Trustee of the Pension Fund and, as such, is a fiduciary within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21).

4. Motion Picture Projectionists, Audio Visual Engineers & Computer Technicians, Local 110, I.A.T.S.E. ("Local 110") is a voluntary unincorporated association and labor union that does business in and maintains its office in this judicial district. Local 110 is an employee organization within the meaning of Section 3(4) of ERISA, 29 U.S.C. §1002(4) and a labor organization within the meaning of 29 U.S.C. §152(5).

5. Defendant Audio Visual Technology ("Audio Visual") is a Louisiana corporation which does business within this judicial district and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5) and of 29 U.S.C. §152(2).

*COUNT I – DELINQUENT CONTRIBUTIONS*

6. Local 110, at Audio Visual's request, referred to Audio Visual six of its members who performed work on behalf of Audio Visual at the Hyatt Chicago Hotel ("Hyatt Chicago") from October 19 through 23, 2007.

7. Audio Visual agreed to abide by the terms of a collective bargaining agreement ("Agreement") with Local 110 for the work performed at the Hyatt Chicago by Local 110's members. A copy of the applicable Agreement is attached hereto as Exhibit 1.

8. Pursuant to the terms of the Agreement, Audio Visual is required to make timely contributions to the Pension Fund on behalf of each employee covered by the Agreement.

9. The Pension Fund maintains a one and one-half percent (1½%) per month liquidated damages provision for any contributions received thirty (30) or more days late.

10. On October 23, 2007 Local 110 submitted an invoice to Audio Visual for the

wages and benefit fund contributions owed for the work performed at the Hyatt Chicago, which an agent of Audio Visual signed on behalf of Defendant. A copy of that signed invoice is attached hereto as Exhibit 2.

11. Notwithstanding Audio Visual's obligations, it failed to make contributions to the Pension Fund for the work performed October 19 through 23, 2007, and failed to pay resulting liquidated damages or interest, thereby depriving the Pension Fund of contributions and income and violating Section 515 of ERISA, 29 U.S.C. §1145.

12. Pursuant to the Agreement and 29 U.S.C. Section 1132 (g) (2), the Pension Fund is entitled to the unpaid contributions as well as liquidated damages and interest for the period October 19 through 23, 2007.

13. Pursuant to 29 U.S.C. §1132(g)(2), in addition to the delinquent contributions, liquidated damages, and interest found due and owing, Audio Visual is indebted to the Pension Fund for attorneys' fees, costs, and other legal or equitable relief as this court deems appropriate.

WHEREFORE, Plaintiff Pension Fund requests that this court issue an order against Defendant Audio Visual granting the following relief:

A. A judgment on behalf of the Pension Fund for delinquent contributions, liquidated damages, and interest due and owing from Audio Visual;

B. A judgment on behalf of the Pension Fund for reasonable attorneys' fees and costs of this action;

C. An order declaring that this court will retain jurisdiction of this cause pending compliance with its orders; and

D. Any other legal or equitable relief as this court may deem appropriate.

## COUNT II – VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

14. Local 110 reasserts the allegations of paragraphs 1 through 10 as though fully set forth herein.

15. George Gibbs is a member of Local 110 who performed work on behalf of Audio Visual at the Hyatt Chicago Hotel from October 19 through 23, 2007 and earned wages in the amount of $1,312.50.

16. To date Audio Visual has failed to pay the wages due to George Gibbs.

17. Audio Visual's failure to pay the wages due to George Gibbs violates the Agreement.

18. Under the Agreement, wage payments which are delinquent for thirty (30) days or more are subject to a liquidated damage cost of one and one-half per cent (1½%) per month.

WHEREFORE, Local 110 requests that this court issue an order against Defendant Audio Visual granting the following relief:

A. A judgment on behalf of Local 110 for the unpaid wages of its member George Gibbs in the amount of $1,312.50 plus liquidated damages; and costs of this action; and

B. An order declaring that this court will retain jurisdiction of this cause pending compliance with its orders.

Respectfully submitted,

s/ Martin P. Barr
Martin P. Barr

s/ William A. Widmer, III
William A. Widmer, III, attorneys for Plaintiffs
Carmell Charone Widmer Moss & Barr
230 West Monroe Street, Suite 1900
Chicago, Illinois 60606
(312) 236-8033
Dated: February 11, 2008