UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN ALTMAN, as Trustee of the Chicago Moving Picture Machine Operators' Union, Local No. 110 of the I.A.T.S.E. Severance Fund, and MOTION PICTURE PROJECTIONISTS, AUDIO VISUAL ENGINEERS & COMPUTER TECHNICIANS, LOCAL 110, I.A.T.S.E., <br><br> Plaintiffs, <br><br> v. <br><br> AUDIO VISUAL TECHNOLOGY, a foreign corporation, <br><br> Defendant. | No. 08-CV-884 <br><br> Judge Bucklo <br><br> Magistrate Judge Cox |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff Steven Altman, as trustee of the Chicago Moving Picture Machine Operators' Union, Local No. 110 of the I.A.T.S.E. Severance Fund, and Motion Picture Projectionists, Audio Visual Engineers & Computer Technicians, Local 110, I.A.T.S.E, moves for entry of default judgment against Defendant Audio Visual Technology ("AVT"), and in support of this motion states as follows:

1. This case arises pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 and pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(3) to collect unpaid wages and delinquent employee benefit fund contributions.

2. The complaint in this matter was filed with the Court on February 14, 2008.

3. Summons and complaint were served upon AVT on February 20, 2008, as more fully appears from the "Affidavit of Process Server," attached as Exhibit 1.

4. More than twenty (20) days have elapsed since service of process upon AVT.

AVT was required to file an answer to the complaint, or otherwise plead, no later than March 11, 2008.

5. As of March 13, 2008, AVT has neither answered the complaint nor filed an appropriate motion.

6. By its failure to answer the complaint or otherwise plead, AVT is in default.

7. As more fully appears from the Declaration of Steven Altman, attached hereto as Exhibit 2, AVT owes the Chicago Moving Picture Machine Operators' Union, Local No. 110 of the I.A.T.S.E. Severance Trust ("Pension Fund") delinquent contributions in the amount of $2,795.63 and liquidated damages of $ 209.65 for the period of time from October 19 through October 23, 2007.

8. Pursuant to 29 U.S.C. Section 1132(g)(2)(B) and 26 U.S.C. Section 6621, Plaintiff is entitled, in addition to liquidated damages, to interest on the unpaid contributions at the rate of 7% per annum. Accordingly, AVT owes the Pension Fund the additional amount of $87.27.

9. As more fully appears from the Declaration of Steven Altman, AVT has failed to pay wages due George Gibbs in the amount of $1,312.50. Due to AVT's failure to pay the wages due George Gibbs, AVT owes $1,312.50 plus liquidated damages of $98.45; and costs of this action.

10. As more fully appears from the declaration of Martin P. Barr attached hereto as Exhibit 3, Plaintiff incurred attorneys' fees of $3,205.00 and costs of $533.60 in bringing this action.

WHEREFORE, Plaintiff hereby requests that the Court enter an order of default and judgment:

A. on behalf of the Pension Fund for delinquent contributions in the amount of $2,795.63 and liquidated damages of $ 209.65 for the period of time from October 19 through October 23, 2007;

B. on behalf of Plaintiff for interest owed on the unpaid contributions to the Pension Fund in the amount of $87.27;

C. on behalf of Plaintiff for the unpaid wages of its member George Gibbs in the amount of $1,312.50 plus liquidated damages of one and one-half per cent (1½%) per month in the amount of $98.45;

D. on behalf of Plaintiff for reasonable attorneys' fees of $3,205.00 and costs of $533.60 incurred by the Pension Fund in bringing this action; and such other and further relief as the Court may be deemed just and equitable.

E. An order declaring that this court will retain jurisdiction of this cause pending compliance with its orders.

Respectfully submitted,

s/ Martin P. Barr
Martin P. Barr

s/ William A. Widmer, III
Attorneys for Plaintiff

CARMELL CHARONE WIDMER
 MOSS & BARR
230 West Monroe, Suite 1900
Chicago, Illinois 60606
(312) 236-8033

Dated: March 17, 2008

3