UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN ALTMAN, as Trustee of the<br>Chicago Moving Picture Machine Operators'<br>Union, Local No. 110 of the I.A.T.S.E. Severance<br>Fund, and MOTION PICTURE PROJECTIONISTS,<br>AUDIO VISUAL ENGINEERS & COMPUTER<br>TECHNICIANS, LOCAL 110, I.A.T.S.E., | )<br>)<br>)<br>)<br>)<br>)<br>) | No. 08-CV-884<br><br>Judge Bucklo<br><br>Magistrate Judge Cox |
| Plaintiffs, | ) | |
| v. | )<br>) | |
| AUDIO VISUAL TECHNOLOGY,<br>a foreign corporation, | )<br>)<br>) | |
| Defendant. | ) | |

## MOTION TO CORRECT THE NAME OF THE DEFENDANT

Now come Plaintiffs and ask this Court to correct the name of the Defendant by

substituting the name "Crowden Enterprises, L.L.C. d/b/a Audio Visual Technology" in place of

"Audio Visual Technology" and state the following in support of this motion:

1.    Motion Picture Projectionists, Audio Visual Engineers & Computer Technicians,

Local 110, I.A.T.S.E. ("Local 110") entered a collective bargaining agreement ("Agreement")

and a trust acceptance agreement ("Trust Agreement") with an audio visual company

("Company") for work performed at the Hyatt Chicago by Local 110's members between

October 19 and October 23, 2007 ("Project").  The Company's general manager, Gilbert

Crowden, signed both documents, writing in the name "Audio Visual Technology" on the lines

labeled "Employer."  A copy of the Agreement is attached hereto as Exhibit 1.  A copy of the

Trust Agreement is attached hereto as Exhibit 2.

2.    Upon entering the Agreement and Trust Agreement, David Crowden, on behalf of

Audio Visual Technology, sent a number of facsimile messages to Local 110 to arrange

scheduling of manpower for the Project.  Copies of the facsimile messages are attached hereto as Exhibit 3 to 6.

3.      The Company distributes a booklet promoting its services ("Promotional Booklet") in which the Company is referred to solely by the name Audio Visual Technology. Excerpts of the Promotional Booklet are attached hereto as Exhibit 7.

4.      Upon completion of the Project, the Company did not contribute funds to the Chicago Moving Picture Machine Operators' Union, Local No. 110 of the I.A.T.S.E. Severance Trust, as required by the Agreement, for the work performed between October 19 and October 23, 2007, nor did the Company pay resulting liquidated damages or interest as required by the Agreement.

5.      The Company also failed to pay $1,312.50 in wages owed to George Gibbs, a member of Local 110 who worked on the Project.

6.      On February 14, 2008, Plaintiffs filed suit pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA") and Section 503(a)(3) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1132(a)(3) ("ERISA") to collect unpaid wages and delinquent employee benefit fund contributions.  The complaint named Audio Visual Technology as the defendant.

7.      On February 20, 2008, Plaintiffs personally served David Crowden with summons and complaint at 421 Ninth Street, New Orleans, LA 70115, the address included in the Promotional Booklet, the Agreement and Trust Agreement, and David Crowden's facsimile messages.  A copy of the affidavit of the process server is attached hereto as Exhibit 8.

8.      Defendant did not answer the complaint or otherwise appear.

9.    On March 17, 2008, Local 110 filed a motion for default judgment against Audio Visual Technology.

10.    Plaintiffs served notice of the motion on "Audio Visual Technology c/o Gilbert Crowder [sic], General Manager, 421 Ninth Street New Orleans, LA 70115." A copy of the notice of service is attached hereto as Exhibit 9.

11.    On March 24, 2008, the Court granted Plaintiffs' motion for default judgment.

12.    While attempting to execute the judgment, Plaintiffs discovered that Audio Visual Technology is not the name of a corporation but instead a registered trade name in the State of Louisiana, belonging to the corporation "Crowden Enterprises, L.L.C." ("Crowden"). A copy of a record taken from the Louisiana Secretary of State's website is attached hereto as Exhibit 10.

13.    Crowden's Limited Liability Company Annual Report for the period ending April 8, 2008 filed with the Louisiana Secretary of State ("Annual Report") lists Gilbert Crowden as the registered agent and manager. A copy of the Annual Report is attached hereto as Exhibit 11.

14.    Federal Rule of Civil Procedure 69(a)(1) states that the procedure on execution of a money judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. Pro. 69(a)(1).

15.    The court that granted Plaintiffs' motion for default judgment is located in the State of Illinois.

16.    Neither ERISA nor the LMRA address situations where a suit incorrectly names a party.

17.    Pursuant to Illinois' Code of Civil Procedure, in the case of party misnomer, a party's name "may be corrected at any time, before *or after judgment*, on motion" (emphasis added). § 735 ILCS 5/2-401(b). "A misnomer exists where a plaintiff sues and serves the

correct party, but calls that party by the wrong name." *Henry v. Folk*, 285 Ill. App. 3d 262, 264 (1st Dist. 1996). Party misnomer is distinct from mistaken identity, which "occurs when the wrong party is named and served." *Id*. at 264-265. The existence of a misnomer hinges on whom the plaintiff intended to sue, though the plaintiff's subjective intent is not controlling when objective manifestations demonstrate the desire to sue an actual, distinct entity. *Id*. at 264.

18.     Courts have corrected the names of parties under circumstances similar to those present in this case. *Greil v. Travelodge Intl. Inc.,* 186 Ill. App. 3d 1061, 1063, 1066 (1st Dist. 1989); *Ingram v. MFA Ins. Co.*, 18 Ill. App. 3d 560, 562, 566 (2nd Dist. 1974) (correcting party misnomer after the court had entered a default judgment by substituting a corporation's actual name in place of its trade name). For instance, in *Greil* the plaintiff named a hotel franchisee by its trade name, "Travelodge in the Heart of Chicago" ("Travelodge") instead of the corporation's actual name, "LaSalle Ohio Enterprises, Inc." ("LaSalle"). *Greil* at 1063. The court held that a party misnomer existed and corrected the defendant's name because (1) the plaintiff served an agent of LaSalle, (2) LaSalle had authorization to use the trademark "Travelodge" and was listed in the telephone directory as "Travelodge in the Heart of Chicago," and (3) both LaSalle and Travelodge shared the same legal counsel. *Id*. at 1065. The court reasoned that a case of mistaken identity had not occurred because the incorrectly named party was a non-entity and Greil did not sue or intend to sue an actual entity other than LaSalle. *Id*. at 1066.

19.     Based on the forgoing, Plaintiffs should be allowed to correct Defendant's name. Crowden represented itself at all times as Audio Visual Technology. Crowden used "Audio Visual Technology" as the name of the Company when sending correspondence to, and entering contracts with, Local 110. Additionally, the Company distributes a promotional booklet and hosts a web site under the name Audio Visual Technology. *Audio Visual Technology*,

4

http://www.audiovisualtech.net/contact.htm (accessed August 8, 2008). Finally, Crowden

maintains a listing in the telephone book under the name Audio Visual Technology. *The Yellow*

*Pages.com*, http://www.theyellowpages.com; *select* Louisiana, *search* Audio Visual Technology

(accessed August 8, 2008). Moreover, Plaintiffs showed their intent to sue the correct entity,

albeit by an incorrect name, by personally serving David Crowden, with summons and complaint

on February 20, 2008 and later serving notice of the motion for default judgment on "Audio

Visual Technology c/o Gilbert Crowder [sic]," Audio Visual Technology's general manager.

      20.    A case of mistaken identity has not occurred because the named defendant is not

an actual entity whom Local 110 manifested the intent to sue in lieu of Crowden, nor does

evidence exist suggesting that Local 110 intended to sue a party that actually exists other than

Crowden.

      WHEREFORE, Plaintiffs respectfully requests that this Court correct the name of the

Defendant by issuing an amended judgment substituting "Crowden Enterprises, L.L.C. d/b/a

Audio Visual Technology" for "Audio Visual Technology".

                 Respectfully submitted,


                 s/ Martin P. Barr
               Martin P. Barr, attorney for Local 110


CARMELL CHARONE WIDMER
  MOSS & BARR
230 West Monroe Street, Suite 1900
Chicago, Illinois 60606
(312) 236-8033

Dated:  August 8, 2008

## <u>CERTIFICATE OF SERVICE</u>

Martin P. Barr, an attorney, states that a copy of the foregoing Notice of Motion and

**Motion To Correct The Name of The Defendant** have been served on the following parties by

UPS overnight mail this 8th day of August, 2008.

> Audio Visual Technology
> c/o Gilbert Crowden, General Manager
> 421 Ninth Street
> New Orleans, LA  70115
>
> Crowden Enterprises L.L.C.
> c/o Gilbert Crowden, General Manager
> 4750 River Road
> Jefferson, LA  70121
>
>
>               s/ Martin P. Barr
>               Martin P. Barr
>               Attorney for Plaintiffs
>               Carmell Charone Widmer Moss & Barr
>               230 West Monroe Street, Suite 1900
>               Chicago, Illinois 60606
>               (312) 236-8033
>               Dated: August 8, 2008